# United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>    Rashida Patience and<br>    Khadri Abdus-Saboor,<br><br>                  Debtors. | Case No. 24-14433-amc<br><br>Chapter 13 |

### Debtors' Motion to Appoint Next of Friend

**AND NOW**, Debtors Rashida Patience and Khadri Abdus-Saboor, by and through their attorney, move this Court for an order approving Debtor Rashida Patience as next friend for Joint Debtor Khadri Abdus-Saboor. In support of this motion, the Debtors state as follows:

1. The Debtors filed this case under chapter 13 on December 12, 2024.

2. The Rules of Bankruptcy Procedure allow a next friend to file a voluntary petition on behalf of an "incompetent person." Fed. R. Bankr. P. 1004.1. The rule does not define a process for approval of a next friend but does say that the Court has the authority to "make any . . . order to protect the . . . incompetent debtor." *Id*. The rule does not define the word incompetent. In the absence of a clearly defined rule, the Court should look to other parts of the rules, the bankruptcy code, and state law for guidance. An unrelated section of the code defines a person's "incapacity" as "[impairment] by reason of mental illness or mental deficiency so that [she] is incapable of realizing and making rational decisions with respect to [her] financial responsibilities." 11 U.S.C. § 109(h)(4). Similarly, state court rules define an incapacitated person as "an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired [so significantly] that the person is partially or totally unable to manage financial resources . . . ." Pa. R. Civ. P. 2051. Although these rules do not address "incompetence," the word used in Fed. R. Bankr. P. 1004.1, the words incompetent, incapacity, and incapacitated are synonymous. When approving a next friend, the Court "has substantial discretion to decide who will act in the [litigant's] best interests." *Gardner v. Parson*, 874 F.2d 131, 139 (3d Cir. 1989).

3. Joint Debtor, Khadri Abdus-Saboor, suffers from Dementia, liver cancer, prostate cancer, and the aftereffects of a stroke, which limits his ability to receive and evaluate information effectively and communicate decisions such that he is incapable of realizing and making rational decisions with respect to his financial responsibilities. He also cannot speak.

4. Medical documentation from the Joint Debtor's physician of his various diagnoses, and his inability to speak, will be provided to the Court and the Trustee prior to the hearing on this Motion.

5. Because the Joint Debtor's condition leaves him unable to receive and evaluate information effectively and communicate decisions such that he is incapable of realizing and making rational decisions with respect to his financial responsibilities, and he cannot speak, the Court must appoint a next friend to represent the Joint Debtor in this bankruptcy case.

6. The Joint Debtor's spouse, the Debtor, Rashida Patience, is familiar with the Joint Debtor's financial circumstances and is well positioned to serve as next friend.

7. The Debtor has executed an acknowledgement of her duties and powers as next friend if approved by the court. Exhibit A.

**NOW, THEREFORE**, the Debtors ask this Court to grant relief in the form of order attached and to grant such other relief in their favor as may be necessary and proper under the law.

Date: February 25, 2025

CIBIK LAW, P.C.
*Counsel for Debtor*

By: /s/ Michael A. Cibik
Michael A. Cibik (#23110)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com