**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

| | |
|---|---|
| In re: | Case No. 24-14433-AMC |
| Rashida Patience and Khadri J. Abdus-Saboor, | Chapter 13 |
| Debtors. | |

### Debtors' Objection to Claim No. 7 by Claimant LVNV Funding, LLC

  **AND NOW**, Rashida Patience and Khadri J. Abdus-Saboor (the "Debtors"), by and through their attorney, object to a proof of claim filed by a creditor in this case pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007, and L.B.R. 3007-1. In support of this objection, the Debtors state as follows:

1. The Debtors filed this bankruptcy case under Chapter 13 on December 12, 2024.

2. Claimant LVNV Funding, LLC ("Claimant") filed Proof of Claim No. 7 ("POC No. 7") in the purported unsecured amount of $5,810.56 on February 17, 2025. A true and correct copy of POC No. 7 is attached as Exhibit A.

3. The attachments to the end of POC No. 7 do not list a last payment date.

4. Claimant filed Proof of Claim No. 4 (the "prior claim") in the Debtors' most recent prior bankruptcy, Case No. 21-10006, for the same debt. A true and correct copy of the prior claim is attached as Exhibit B.

5. The prior claim lists the last payment date as November 29, 2008.

6. The statute of limitations for a breach of contract claim in Pennsylvania is four years from the date of the breach. See 42 Pa. C.S. § 5525; In re Freeman, 540 B.R. 129, 136-37 (Bankr. E.D. Pa. 2015).

7. According to the prior claim, Claimant admits that the last payment was made November 29, 2008. Thus, the contract that is the basis of the claim was breached on that same date, and the statute of limitations would normally have expired on November 29, 2012.

8. However, the Debtors filed another prior bankruptcy, Case No. 12-20487, which was active for 138 days from November 9, 2012 to March 26, 2013, and tolled the statute of limitations' expiration date to April 16, 2013, which is when it expired.

9. Because the statute of limitations regarding the debt listed in this proof of claim has expired, the claim is unenforceable and must be disallowed pursuant to 11 U.S.C. § 502(b)(1).

  **NOW, THEREFORE**, the Debtors request that this Court sustain their objection in the form of order attached and grant such other relief in their favor as may be necessary and proper under the law.

Date: June 5, 2025                         CIBIK LAW, P.C.
                                           *Counsel for Debtor*

                                           By: /s/ Michael A. Cibik
                                           Michael A. Cibik (#23110)
                                           1500 Walnut Street, Suite 900
                                           Philadelphia, PA 19102
                                           215-735-1060
                                           mail@cibiklaw.com

2